848 F.2d 184
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William Everett ELLWOOD, Jr., Petitioner-Appellant,
v.
STATE OF MARYLAND, Respondent-Appellee.
 No. 88-6517.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 21, 1988.
Decided: May 26, 1988.
 
 William Everett Ellwood, Jr., appellant pro se.
 Before K.K. HALL and JAMES DICKSON PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 William Ellwood, a Maryland inmate, brought this petition pursuant to 28 U.S.C. Sec. 2254 challenging his conviction for assault with intent to maim. This petition was denied by the district court. We deny a certificate of probable cause to appeal the district court's decision and dismiss this appeal.
 
 
 2
 In his petition, Ellwood raised the following grounds for relief:
 
 
 3
 (1) he was denied due process of law when the trial court ordered the bench trial to begin without notifying Ellwood of his right to a jury trial;
 
 
 4
 (2) he was denied effective assistance of counsel because (a) trial counsel failed to produce photographs, medical records and testimony to show injuries suffered by Ellwood, (b) trial counsel failed to adequately advise Ellwood of his right to a jury trial, and (c) appellate counsel failed to raise on direct appeal the lack of a jury trial waiver;
 
 
 5
 (3) the evidence was insufficient to support his conviction; and
 
 
 6
 (4) the trial court abused its discretion in refusing to postpone his sentencing.
 
 
 7
 Regarding Ellwood's first claim, we agree with the district court that Ellwood knowingly and intelligently waived his right to a jury trial. See United States v. Martin, 704 F.2d 267 (6th Cir.1983); United States ex. rel. Williams v. DeRobertis, 715 F.2d 1174 (7th Cir.), cert. denied, 464 U.S. 1072 (1984). However, we recognize the possibility that Ellwood may have been under the subjective impression that this waiver was conditioned on his being tried on the not guilty statement of facts. Even assuming that such conditional waivers are possible, see, e.g., United States v. Essex, 734 F.2d 832 (D.C.Cir.1984), we do not believe the trial court was under an affirmative duty to inquire into the continued validity of Ellwood's waiver after striking the statement of facts and proceeding with the bench trial. In this case, there was no explicit agreement to make the waiver conditional on the court's acceptance of the statement of facts, despite Ellwood's subjective belief to the contrary. Since apparently neither the trial judge nor Ellwood's counsel was aware that Ellwood was opposed to a bench trial, there was no reason for either to question the earlier waiver. If Ellwood did not want to proceed with a bench trial, he should have voiced some objection or attempted to withdraw his waiver at the time the statement of facts was stricken. Because he did not, he is not entitled to relief on this ground.
 
 
 8
 Ellwood's related claim that his appellate counsel was ineffective for failing to raise the waiver issue on appeal is also without merit. Counsel is not required to raise on appeal every non-frivolous issue requested by the defendant. Jones v. Barnes, 463 U.S. 745 (1983). Moreover, because the waiver issue is not meritorious for the reasons noted above, Ellwood was not prejudiced by his counsel's failure to raise it on appeal.
 
 
 9
 Ellwood's next claim is that his trial counsel was ineffective because he failed to introduce photographs, medical records and testimony which showed the seriousness of the injuries which Ellwood received in the fight. Ellwood contends this evidence would have bolstered his claim of self-defense. However, there was undisputed testimony by Ellwood at trial concerning the nature and extent of his injuries as well as testimony by the other participants in the fight that they struck Ellwood and, at one point, kicked him in the face. As the evidence not presented would, in large part, have merely reinforced this testimony, there does not appear to be a "reasonable probability" that its introduction would have changed the outcome of the trial. Strickland, 466 U.S. at 694.
 
 
 10
 As to the remaining claims we deny a certificate of probable cause to appeal based on the reasoning of the district court. Ellwood v. Maryland, C/A No. 86-3484-Y (D.Md. Oct. 19, 1987). Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and dismiss the appeal.
 
 
 11
 DISMISSED.